[L. A. No. 4029.    Department Two.—July 30, 1917.]

LILLIAN P. HART, Respondent, v. FLORENCE C. CAS-LER et al., Appellants.

PROMISSORY NOTE — FRAUD — CONFLICT OF EVIDENCE—APPEAL.—In an action on a promissory note given in part payment of the purchase of an interest in‧ an apartment house, judgment in favor of plaintiff must be affirmed on appeal, where the evidence upon the defense of fraudulent representations in the procurement of the note is in sharp conflict.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. John W. Shenk, Judge.

The facts are stated in the opinion of the court.

Willedd Andrews, for Appellants.

Rodman & Donnell, for Respondent.

HENSHAW, J.—The sole ground for reversal advanced upon this appeal is the insufficiency of the evidence to sustain certain findings of the court. The action was upon a promissory note made by defendants to plaintiff in part payment of the purchase by the latter of plaintiff's interest in an apartment house in the city of Los Angeles. The answer admitted the execution of the promissory note and sought to avoid its legal effect by charging fraud in its procurement. The fraud charged was that plaintiff falsely represented to de-

fendants to induce them to make the purchase that the apartment house "was paying a profit of from three hundred dollars to six hundred dollars a month over and above expenses." The evidence upon this was in sharp conflict, the defendants so testifying, the plaintiff and her corroborating witnesses stating that such representations were not made, that it was shown and explained to the defendants that many apartments in the house were vacant at the time of the purchase, but that in winter, "when the house was full it brought in a net income of from three hundred dollars to six hundred dollars a month." The court found in accordance with the testimony of plaintiff and her witnesses. The findings are supported, and that is all there is to this case.

The judgment and order appealed from are therefore affirmed.

Lorigan, J., and Melvin, J., concurred.